IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-00334-PAB

CAROL A. VINER,

    Plaintiff,

v.

SMITH & NEPHEW, INC., a Tennessee Corporation,

    Defendant.

## ORDER TO SHOW CAUSE

The Court takes up this matter *sua sponte* on plaintiff's complaint [Docket No. 1]. Plaintiff states that the Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332. Docket No. 1 at 1-2, ¶ 3.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *See Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547 (2014) ("[I]f the parties fail to raise the question of the existence of

jurisdiction, the federal court has the duty to raise and resolve the matter."). Second, "[s]ubject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings." *Id.* Finally, delay in addressing the issue only compounds the problem if it turns out that, despite much time and expense having been dedicated to a case, a lack of jurisdiction causes it to be dismissed or remanded regardless of the stage it has reached. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Plaintiff invokes 28 U.S.C. § 1332 as the basis for this Court's diversity jurisdiction. Docket No. 1 at 1-2, ¶ 3. Section 1332(a)(1) states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States." The facts as presently averred, however, do not provide sufficient information regarding the citizenship of Smith & Nephew, Inc. ("Smith & Nephew").

The complaint identifies Smith & Nephew as "a resident and/or corporation with its principal place of residence and/or business in a state other than the State of Colorado." Docket No. 1 at 1, ¶ 2. This information is insufficient because it does not provide the Court with the ability to assess the jurisdictional basis independently. *See Pinkard Constr.*, 2009 WL 2338116, at *3; *Affordable Communities of Mo. v. EF & A*

*Capital Corp.*, 2008 WL 4966731, *2-3 (E.D. Mo. Nov.19, 2008) (statement that none of the unidentified members of an LLC was a citizen of a particular state was insufficient to establish diversity of citizenship). For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990). A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

Moreover, while the caption of the complaint states that Smith & Nephew is a Tennessee corporation, Docket No. 1 at 1, and the complaint claims that Smith & Nephew has its headquarters in England, *id.* at 2, ¶ 5, this is inconsistent with how Smith & Nephew has characterized its own citizenship in another case in this district. *See Deborah Smith v. Smith & Nephew, Inc.*, 16-cv-00147-RBJ, Docket No. 1.

For the foregoing reasons, it is **ORDERED** that, on or before **5:00 p.m. on February 17, 2017**, plaintiff shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED February 7, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge